UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S*ARA* E*LYAS*,

       Plaintiff,                              Hon. Paul L. Maloney

v.                                                  Case No. 1:19-CV-942

M*AHA* G*EBRIL*,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on November 6, 2019, against Maha Gebril. (ECF No. 1).  Because Plaintiff has been permitted to proceed as a pauper, (ECF No. 3), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction.

## BACKGROUND

In her complaint, Plaintiff alleges the following.  As of December 3, 2015, Plaintiff was residing in an apartment, with at least one other person, rented from Defendant Gebril.  On this date, Gebril entered Plaintiff's apartment and informed Plaintiff that she was not permitted to possess a mail key unless she first paid a $25

1

deposit. Gebril informed Plaintiff that if she did not pay the $25 deposit, Gebril would remove Plaintiff's belongings from the apartment and change the lock on the apartment door. Gebril later began removing Plaintiff's belongings from the apartment. When challenged by Plaintiff, Gebril struck Plaintiff and pushed her to the ground. Plaintiff subsequently incurred medical treatment costs of more than $7,000 as well as other unspecified costs "for moving." Plaintiff initiated the present action against Gebril seeking $25,000 in damages.

## ANALYSIS

Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction. This Court possesses the jurisdiction to resolve "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Court also possesses jurisdiction to resolve civil claims between citizens of different states where the amount in dispute exceeds $75,000. 28 U.S.C. § 1332.

Plaintiff has failed to indicate what claims or causes of action she is pursuing in this matter. Even interpreting Plaintiff's allegations indulgently, the Court fails to discern any claims implicating or arising under the Constitution, laws, or treaties of the United States. Likewise, Plaintiff has failed to allege facts indicating that diversity jurisdiction is appropriate. Specifically, Plaintiff and Defendant appear to both be citizens of Michigan and Plaintiff has not alleged otherwise. Simply put, Plaintiff has failed to establish that this Court can properly exercise jurisdiction over

her claims.  *See, e.g., Metro Hydroelectric Co., LLC v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008) ("it is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction").  Rather, Plaintiff has merely alleged facts which may support various state law tort claims.  Such claims are not properly before this Court, but instead must be asserted in the appropriate state forum.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed be dismissed for lack of subject matter jurisdiction.

**OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  November 14, 2019        /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

3